IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

THOMAS G. JACKSON                                                      PLAINTIFF

V.                                          NO. 12-3132

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Thomas G. Jackson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his current application for DIB on March 3, 2010, alleging an inability to work since July 31, 2009, due to his back, a torn ACL, his arms and hands, plantar fasciitis, blood clot, and arthritis in his knees. (Tr. 107-108, 152, 161). An administrative hearing was held on January 12, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 22-55).

By written decision dated February 25, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - disorder

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

of the back, knee problems, obesity, DVT (deep vein thrombosis) and plantar fasciitis. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift/carry 10 pounds and frequently less than 10 pounds. He can sit for 6 hours and stand/walk for 2 hours. He can occasionally climb, balance, crawl, stoop, kneel, and crawl.[2]

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but could perform such jobs as assembler, driver, and interviewer. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 24, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action . (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

---

[2]The Court notes the ALJ mentioned "crawl" twice.

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

-3-

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in failing to fully develop the record; 2) The ALJ erred in his RFC determination: 3) The ALJ erred in his credibility findings; and 4) The ALJ's decision is not supported by substantial evidence. (Doc. 9).

### A.   Failure to Fully Develop the Record:

The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel.  Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary.  See 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010).  However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They

-4-

simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).

Plaintiff argues that the ALJ failed to develop the record by not sending Plaintiff for a consultative physical evaluation and instead relying solely on the opinions of non-examining state agency physicians.

The Court finds that the record contains sufficient evidence for the ALJ to make an informed decision and thus, he was not required to obtain a consultative physical examination. The record contains reports by Dr. Tarik Sidani, who performed surgery on Plaintiff's left knee in 2009. (255, 259, 263, 290). It also contains records from Cornerstone Medical Clinic, where Plaintiff was treated for his deep vein thrombosis. (Tr. 245-248). In addition, in his May 3, 2010 Disability Report - Appeal, Plaintiff indicated that he was only taking Aleve and Tylenol for his pain. (Tr. 188). The record also contains reports from the Mountain Home Christian Clinic. and Baxter Regional Medical Center, where he was diagnosed with neuropathy, and a radiology report indicated no evidence for deep venous thrombosis. (Tr. 312, 318, 344). By the time of the hearing, Plaintiff testified that he was taking neurontin, a muscle relaxer, a stomach pill, a nerve pill and a sleeping pill. (Tr. 36). Finally, on April 19, 2010, non-examining consultant, Dr. Charles Friedman, completed a Physical RFC Assessment, finding that Plaintiff could perform sedentary work, with certain postural limitations. (Tr. 272-280). Again, as stated earlier, the record contains sufficient evidence for the ALJ to make an informed decision.

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the fact that the ALJ did not fail to

fully develop the record.

**B.    RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In making his RFC assessment, the ALJ considered Plaintiff's own description of his limitations, his obesity, his knee surgery and results, and his allegations of pain. (Tr. 14-15). The ALJ found that Plaintiff's degree of pain relief seeking behavior and treatment was not indicative of a degree of pain that would limit activities beyond the scope of his RFC determination. (Tr. 15). The ALJ also considered the testimony of Plaintiff's brother-in-law. (Tr. 15).  The ALJ concurred with the opinions of the state agency consultants who provided assessments, and concluded that the state agency assessments, as well as the results of MRI imaging, supported his RFC Assessment. He also concluded that Plaintiffs testimony was not entirely consistent with

AO72A
(Rev. 8/82)

the medical evidence as a whole, and was discounted to that extent. (Tr. 15).

The Court also notes that Plaintiff's daily activities are consistent with the ALJ's RFC assessment. Plaintiff indicated that he had no difficulty with personal care, was able to prepare his own meals and do household chores with frequent breaks to sit down and rest. (Tr. 45). Plaintiff also testified that he went to church twice a week when he could. (Tr. 48).

Based upon the foregoing, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

**C.    Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (Tr. 14). The ALJ reported that Plaintiff had

-7-

AO72A
(Rev. 8/82)

mild limitation in his activities of daily living, as Plaintiff had no difficulty with personal care, was able to prepare his own meals and do household chores with frequent breaks, was able to pay bills, take care of his wife who was disabled, drive a car, go shopping for groceries, talk to his family and friends, and attend church. (Tr. 14-15). The ALJ also discussed the medical records, Plaintiff's obesity and the effect it had on Plaintiff's functional abilities, his knee surgery, and Plaintiff's complaints of pain and discomfort. (Tr. 14-15). The ALJ found that pain was substantiated by the record, but that Plaintiff's degree of pain relief seeking behavior and treatment was not indicative of a degree of pain that would limit activities beyond the scope of the RFC assessment. (Tr. 15).

Based upon the foregoing, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 20th day of February, 2014.

/s/ Erin L. Setser

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)